ADAMS vs. CHILDERS, ADM'R., &c.

A person having hired a slave for a year, hires it to another, who, by his cruelty, causes the death of the slave, the owner or original hirer may maintain an action for the recovery of the value of the slave thus killed.

### ERROR to Clark Circuit Court.

ANDERSON, DRYDEN & WELLS, *for Plaintiff in error, insist:*

1. That defendant, Adams, was not liable to the plaintiff, Childers, as administrator of Moss, for the loss of the negro.

2. The breach does not correspond to the promise as laid in the declaration, the promise being "to take reasonable care of the negro during the year." The breach is, that "the negro died in consequence of mistreatment."

GLOVER & CAMPBELL, *for Defendant in error, insist:*

1. That the evidence supports the verdict as to the cruel treatment of defendant and death of the slave.

2. The third count is well pleaded and covers the case made by the evidence. 2 Kent's Com., 587. If the thing hired be lost or damaged by the hirer or by his servants acting under him, he is responsible, and a bailee is a servant. 2 Tuck., 87. Moss, therefore, was responsible to Wooden's estate for the value of the slave, if misused by him or any one claiming under him, he was therefore entitled to his action for the full value under the circumstances. See Story on Bail'ts, 268, 361, 388, 390–1; 2 Starkie's Ev., 44; 1 Chitty's Pl., 71; 1 T. R., 112; 1 H. B., 82; see 2 Tuck., 87. There is no doubt the plaintiff here could have recovered the value of the slave by action on the case; much more ought he when he declares upon a contract.

3. The killing of the slave was a breach of the promise to take reasonable care of her during the year, and gave a right of action immediately. 1 Chit. Pl., 367. Where it is said the breach must be assigned according to the sense and substance of the contract. Litt. Sel. Cases, 414; 1 Pirt., 213; 4 Litt., 161; 1 Pirt., 215; Wheeler on Slavery, 155; 1 Chitty Pl., 371; 2 Stark R., 311; 6 Litt., 416.

4. It was not competent for the defendant to undertake to show under the general issue that plaintiff was not administrator of Moss, though the court required plaintiff to introduce evidence on that point.

Scott, J., *delivered the opinion of the Court.*

Moss, the intestate of the defendant in error, hired a negro girl of Dedrick Hunor, for the year 1844; afterwards, during that year, Moss died, and his administrator, the defendant in error, hired out the girl for the remainder of the year to the plaintiff in error, who, by his ill treatment and inhumanity, caused the death of the girl. The declaration was on the implied contract to take reasonable care of the slave. There was a judgment against Adams for the value of the slave, from which he has sued out this writ of error.

The only question raised in the case on the agreement was the right of Moss's administrator to maintain this action.

There is an implied obligation on every hirer to restore the thing hired when the bailment is determined. Story on Bailment, sec. 414.

The obligation of Moss to return the slave to Hunor, from whom he hired her, was a sufficient interest in the slave to enable him to sustain this action. It is a general rule, that every person who is answerable to another for property in his possession, has such special property in the chattel as enables him to maintain an action of trespass for the taking or injuring thereof by a stranger. Bacon, tit. Trespass, 564. So it seems it is a liability which gives a bailee a right of action.

It is well settled law, that either the person in whom the general property is, or the person in whom there is a special property, may maintain an action for an injury to or destruction of property bailed, and recover damages to the full value of the property injured or destroyed; and a recovery of damages by either of them will be a full satisfaction, and may be pleaded in bar of any subsequent suit by the other. Bacon, tit. Tres., 566; Story on Bailment, sec. 94. So the tenant in possession may recover the full value of a chattel, and after deducting the value of his interest in it, will hold the balance as trustee for him in reversion. Ingersoll vs. Van Bokkelin, 7 Cow., 681; Lyle vs. Barker, 5 Bin., 457.

Judge McBride concurring, the judgment will be affirmed.